UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROREY CREATIONS, INC.

    Plaintiff,                              Case No. _____

    vs.                                    Hon. _____

**JURY TRIAL DEMANDED**

CRACKER BARREL OLD COUNTRY STORE, INC.

    Defendant.

_____/

Thomas N. Young  (P22656)
Francine Nesti (P71332)
Young Basile Hanlon & MacFarlane P.C.
3001 W. Big Beaver Rd., Ste. 624
Troy, MI 48084-3107
Ph: (248) 649-3333
Fax: 248-649-3338

Attorneys for Plaintiff
_____/

# COMPLAINT FOR PATENT INFRINGEMENT
# AND DEMAND FOR JURY TRIAL

    Plaintiff Crorey Creations, Inc. submits this Complaint for Patent Infringement and Jury Demand against Cracker Barrel Old Country Store, Inc.

## PARTIES

    1.    Plaintiff Crorey Creations, Inc. is a Michigan corporation having a place of business at 44265 Riverview Ridge Drive., Clinton Township, Michigan 48038, within this judicial district.

{YB:00042930.DOC }

2. Plaintiff Crorey Creations, Inc. (hereinafter "Plaintiff" or "Crorey Creations") is the owner of United States Patent Nos. 7,946,631 ('631 patent), 8,172,281 ('281 patent) and D619,150 ('150 patent), pertaining to devices and kits for making knotted string accessories such as bracelets and necklaces. The patents were issued May 24, 2011, May 8, 2012 and July 6, 2010, respectively, and are in full force and effect. An accurate copy of each patent is attached as Exhibit A.

3. Defendant Cracker Barrel Old Country Store, Inc. (hereinafter "Defendant" or "Cracker Barrel"), based on information and belief, is a Delaware corporation headquartered at 305 Hartmann Drive, Lebanon, TN 37088-0787, and having numerous places of business in this judicial district. Defendant is in the business of *inter alia* selling craft kits and devices and activity kits and devices, such as devices and kits for making knotted string accessories.

## **JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, more specifically 35 U.S.C. § 271 *et seq*.

5. Subject matter jurisdiction in this Court is conferred by 28 U.S.C. §§ 1338(a), 1331 and 1332.

6. This Court has personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b) and (c) as, upon information and belief, Defendant has sold or otherwise offered for sale products accused of infringing the '631 patent, the '281 patent and the '150 patent to consumers from its retail stores and from its website in this judicial district and throughout the country.

## BACKGROUND

7. Plaintiff developed a line of My Friendship Bracelet Maker® products that are focused on friendship, quality play time and fine motor skills for young girls. Cracker Barrel was one of the retailers that Plaintiff contacted to promote its My Friendship Bracelet Maker® products. On December 2, 2009, Plaintiff sent Cracker Barrel, via Ms. Karen Smith, a letter, attached as Exhibit B, along with a sample of its product, now covered by the '631 patent, the '281 patent and the '150 patent, to introduce the product to Cracker Barrel.

8. Since July 2009, through Plaintiff's own efforts, Plaintiff's patented products have been nationally distributed and sold at some of the country's largest retailers. Plaintiff has developed an interactive web-site (www.myfbm.com) to promote the products, and has used the web-site as a platform to begin campaigns to support children everywhere, including: a pro-friendship/anti-bully campaign (*I Choose Friendship!*); a campaign for juvenile diabetes (*Embracing You with a Circle of Blue!*); a campaign to fight breast cancer (*Kids Join the Fight!*); and a campaign to support children with family in the military (*Operation Kids Serve Too!*). Plaintiff's products have won many awards, including Best Product and Best Vacation Product from Dr. Toy, Top Toy of the Year from Creative Toy Awards, Sterling Fun award from Tillywig Toy Awards, and more.

9. Plaintiff continued to update Cracker Barrel, through Ms. Smith, of the success of the products and continued to offer its My Friendship Bracelet Maker® products to Cracker Barrel.

10. Plaintiff's communications with Cracker Barrel notwithstanding, no rights were ever acquired by or granted to Cracker Barrel to make, have made, sell or offer for sale products covered by Plaintiff's '631 patent, '281 patent and '150 patent.

## COUNTS FOR PATENT INFRINGEMENT

11. Plaintiff incorporates the above allegations as if fully set forth herein.

12. Each of the '631 patent, the '281 patent and the '150 patent was duly and legally issued to Crorey Creations, Inc. as the assignee of sole inventor David Crorey. Crorey Creations, Inc. has the right to sue for and recover damages for infringement of each of the '631 patent, the '281 patent and the '150 patent.

13. Plaintiff has complied with the statutory requirement of placing a notice of the '631 patent, the '281 patent and the '150 patent on its products covered by these patents.

14. Defendant Cracker Barrel has sold or offered for sale a first product; namely, the Friendship Bracelet Fashion Studio, which infringes one or more of each of the claims of the '631 patent, the '281 patent and the '150 patent. Attached as Exhibit C is an accurate printout of the product offered for sale through the website www.crackerbarrel.com. The product incorporates each and every limitation of at least some of the claims of each of the aforementioned '631 patent, the '281 patent and the '150 patent and, therefore, infringes said patents for the reason that Defendant's actions in offering for sale and selling such product are without right and authority of Plaintiff.

15. Defendant Cracker Barrel has sold or offered for sale a second product; namely, the Friendship Bracelet Maker, which also infringes one or more of the claims of each of the '631 patent, the '281 patent and the '150 patent. Attached as Exhibit D is an accurate printout of

a photograph taken of the Friendship Bracelet Maker purchased from Cracker Barrel. The product incorporates each and every limitation of at least some of the claims of each of the aforementioned '631 patent, the '281 patent and the '150 patent and, therefore, infringes said patents for the reason that Defendant's actions in offering for sale and selling such product are without right and authority of Plaintiff.

16. Plaintiff Crorey Creations has been and will continue to be damaged by Defendant's activities as aforesaid in an amount which can only be determined through an accounting; Plaintiff is without an adequate remedy at law to prevent further infringement.

## **PRAYER FOR RELIEF**

Wherefore, Crorey Creations, Inc. prays for the following relief:

A. A preliminary and permanent injunction against continued infringement of the '631 patent, the '281 patent and the '150 patent by Defendant Cracker Barrel and all persons in privity and/or active association therewith;

B. An accounting for and award of damages including profits lost by Plaintiff as a result of Defendant's sale and offers for sale of infringing products in the United States;

C. An assessment of interest on the damages so computed;

D. An award of Plaintiff's costs, expenses and attorney fees in the action (e.g., 35 U.S.C. § 285); and

E. Such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Crorey Creations, Inc. demands trial by jury as to all issues triable by jury in this case as a matter of right.

Respectfully submitted,

_/s/   Francine Nesti_____
Thomas N. Young (P22656)
Francine Nesti (P71332)
Young Basile Hanlon & MacFarlane P.C.
3001 W. Big Beaver Rd. Suite 624
Troy, MI 48084
Ph: (248) 649-3333
Fax: 248-649-3338

Dated:  January 16, 2013                *Attorneys for Plaintiff*